# Exhibit B

FILED
TARRANT COUNTY
9/28/2017 9:59 AM
THOMAS A. WILDER
DISTRICT CLERK

Cause No. **096-295367-17** _____

| | | |
|---|---|---|
| WOODSIDE CREDIT LLC | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| VS. | § | \_\_\_ JUDICIAL DISTRICT OF |
| | § | |
| CHUBB INSURANCE SOLUTIONS AGENCY, INC. A/K/A CHUBB NATIONAL INSURANCE COMPANY | § § § | |
| | § | |
| *Defendant*. | § | TARRANT COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

NOW COMES Plaintiff, Woodside Credit, LLC ("Woodside"), complaining of Defendant, Chubb Insurance Solutions Agency, Inc. a/k/a Chubb National Insurance Company ("Chubb"), and files this Original Petition, and would respectfully show the Court the following:

### I. PARTIES

1. Defendant, Chubb Insurance Solutions Agency, Inc. a/k/a Chubb National Insurance Company, is a foreign corporation who may be served with process by serving its registered agent for service of process, CT Corporation System at 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

### II. JURISDICTION

2. Pursuant to TEX. R. CIV. P. 190, Plaintiff hereby elects that all discovery shall be conducted under Level II of said rule. Plaintiff seeks monetary and nonmonetary relief of more than $200,000 but not more than $1,000,000.

## III. FACTS

3. On or about February 6, 2012, Derek Tyrone Tillman ("Tillman") entered into a Retail Installment Contract and Security Agreement ("Agreement") with Lamborghini Newport Beach for the purchase of a used 2006 SLR Mercedes, VIN # WDDAJ76F26M000983 (the "Vehicle") pursuant to the terms specified therein. To secure Tillman's payment under the Agreement, Tillman granted Lamborghini Newport Beach a security interest in the Vehicle along with all accessions, attachments, accessories, and equipment placed in or on the Vehicle pursuant to paragraph 2(c) of the Agreement. A true and correct copy of the Agreement is attached hereto and incorporated by reference herein as Exhibit "A."

4. Concurrent with the execution of the Agreement, Lamborghini Newport Beach assigned all its right, title and interest in the Agreement to Woodside Credit LLC on February 6, 2012. Plaintiff duly perfected its security interest in the Vehicle by noting its first lien position on the Vehicle's Certificate of Title with the Texas DMV. A true and correct copy of the Vehicle's Certificate of Title reflecting Plaintiff's first-priority, perfected security interest in the Vehicle is attached hereto as Exhibit "B."

5. Woodside submitted a claim as loss payee under the insurance policy Tillman had with Chubb (the "Policy"). On May 1, 2017, Chubb acknowledged receipt of this claim with a loss date of March 1, 2017, assigned it claim number 040517021734, and stated the claim was being investigated. To date, Chubb has failed to accept or reject the claim.

## IV. CAUSES OF ACTION

### COUNT 1 – INSURANCE CLAIM: BAD FAITH

6. Plaintiffs incorporate herein all prior and subsequent allegations in this pleading.

7. Chubb had a contract for insurance on the Vehicle for which Woodside had an insurable interest as a lienholder on the Vehicle. Chubb has, to date, refused to pay Woodside's claim despite the claim being on file since April 2017. If Chubb does pay the claim, any payment

would be unreasonably delayed and in bad faith. Chubb's bad faith proximately caused damages to Woodside, including actual damages within the jurisdictional limits of the Court and exemplary damages because Chubb's conduct was fraudulent, intentional, or grossly negligent.

### COUNT II – INSURANCE CLAIM: TEXAS INSURANCE CODE §542.051 ET. SEQ.

8. Plaintiffs incorporate herein all prior and subsequent allegations in this pleading.

9. Woodside filed a claim for loss of the Vehicle under the terms of the Policy for which Chubb is liable. Woodside gave proper notice of the claim prior to May 1, 2017. Pursuant to Texas Insurance Code §542.056(a), Chubb failed to notify Woodside in writing within 15 business days whether Chubb was accepting or rejecting the claim. Further, pursuant to Texas Insurance Code §542.056(d), Chubb failed to notify Woodside in writing within the same time period of any reason Chubb could not accept or reject the claim. Additionally, Chubb failed to accept or reject the claim within 45 days as required by Texas Insurance Code §542.056(d) without admitting that Chubb gave proper notice to Woodside in order to extend the deadline to accept or reject the claim beyond the 15 business day dealing in §542.056(a). Finally, Chubb failed to timely pay Woodside's claim.

10. Because of Chubb's numerous failures, Woodside has been damaged and is entitled to statutory damages as allowed by Texas Insurance Code §542.060, including the amount of the claim in the sum of $173,000.00, interest at 18% per annum, and reasonable attorney's fees.

### COUNT III – INSURANCE CLAIM: BREACH OF INSURANCE CODE CHAPTER 541

11. Plaintiff incorporates herein all prior and subsequent allegations in this pleading.

12. Woodside's claim against Chubb is based upon Chubb's violation of Section 541 of the Texas Insurance Code. Woodside is a loss payee under the insurance policy that Chubb issued to Tillman covering the Vehicle. An insured is entitled to recovery when an insurer fails to attempt

in good faith to effectuate a prompt, fair, and equitable settlement of a claim. Chubb violated Insurance Code Chapter 541 by failing to, in good faith, attempt to bring a prompt, fair, and equitable settlement of the Claim when liability became reasonably clear. Additionally, Chubb failed to affirm or deny coverage within a reasonable time and failed to timely submit a reservation of rights. Due to Chubb's actions, Woodside has suffered damages within the jurisdictional limits of this Court, including actual damages, economic injury in the form of the Policy proceeds, additional damages up to three times the amount of actual damages due to Chubb's knowing conduct, pre- and post-judgment interest, court costs, and attorney's fees.

### COUNT IV – ATTORNEY'S FEES

13. Plaintiff incorporates herein all prior and subsequent allegations in this pleading.

14. Upon Chubb's failure to pay the balance owing under the Claim made pursuant to the Policy despite demand for payment, Plaintiff placed this matter in the hands of the undersigned attorneys for enforcement, and has agreed to pay said attorney reasonable attorney's fees for his services for which Defendant has become liable by the terms of Agreement and under Article 38.001 *et seq.* of the Texas Civil Practice and Remedies Code. Further, Chubb is liable for attorney's fees for violations of Texas Insurance Code §542.051 *et seq.*

### V. REQUEST FOR DISCLOSURE

15. Pursuant to Texas Rule of Civil Procedure 194, Woodside requests that Chubb provide, within fifty (50) days of service of this petition, the information required under Rule 194 to the office of Woodside's counsel.

## VI. CONCLUSION AND REQUEST FOR RELIEF

For the reasons stated above, Woodside respectfully requests that Chubb be cited to appear and answer herein; that upon final hearing hereof, Woodside take judgment against Chubb for actual and special damages, plus costs of court, pre- and post-judgment interest at the legal rate, and reasonable and necessary attorney's fees.

**Respectfully Submitted,**

PADFIELD & STOUT, L.L.P.
421 W. Third Street, Suite 910
Fort Worth, Texas 76102
(817) 338-1616 phone
(817) 338-1610 fax
abp@livepad.com
bgibbons@livepad.com

/s/ Brandon J. Gibbons
Alan B. Padfield
State Bar I.D. #00784712
Brandon J. Gibbons
State Bar I.D. #24082516
*Attorneys for Plaintiff*

| DEAL | | | | | | |
|---|---|---|---|---|---|---|
| Dealer Number | | Contract Number | | R.O.S. Number | | Stock Number 20397 |

| Buyer Name and Address (Including County and Zip Code) | Co-Buyer Name and Address (Including County and Zip Code) | Creditor-Seller (Name and Address) |
|---|---|---|
| DEREK TYRONE TILLMAN 5405 PINE STREET BELLAIRE TX 77401 HARRIS COUNTY | | LAMBORGHINI NEWPORT BEACH 2115 HARBOR BLVD COSTA MESA, CA 92627 |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract. You agree to pay the Creditor - Seller (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New Used | Year | Make and Model | Odometer | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|---|
| USED | 2006 | SLR MERCEDES | 1106 | WDDAJ76F26M000983 | ☒ personal, family or household<br>☐ business or commercial |

### FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. | Total Sale Price The total cost of your purchase on credit, including your down payment of $ 46000.00 is |
|---|---|---|---|---|
| 6.25 % | $ 84010.56(e) | $ 196456.80 | $ 280467.3(e) | $ 326467.3(e) |

(e) means an estimate

**YOUR PAYMENT SCHEDULE WILL BE:**

| Number of Payments: | Amount of Payments: | When Payments Are Due: |
|---|---|---|
| One Payment of | N/A | N/A |
| One Payment of | N/A | N/A |
| 143 Payments | 1947.69 | Monthly, Beginning 03/22/12 |
| Payments | N/A | Monthly, Beginning N/A |
| One Final Payment | 1947.69 | 02/22/2024 |

**Late Charge.** If payment is not received in full within 10 days after it is due, you will pay a late charge of 5% of the part of the payment that is late.
**Prepayment.** If you pay off all your debt early, you may be charged a minimum finance charge.
**Security Interest.** You are giving a security interest in the vehicle being purchased.
**Additional Information:** See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date, minimum finance charges, and security interest.

**ITEMIZATION OF THE AMOUNT FINANCED** (Seller may keep part of the amounts paid to others.)

1. **Total Cash Price**
   A. Cash Price of Motor Vehicle and Accessories ........................... $ 228134.00(A)
      1. Cash Price Vehicle ............................................ $ 226800.00
      2. Cash Price Accessories ........................................ $ N/A
      3. Other (Nontaxable)
         Describe TRANSPORT & A/C FEE .................................. $ 1334.00
         Describe N/A .................................................. $ N/A
   B. Document Preparation Fee (not a governmental fee) ...................... $ 55.00(B)
   C. Smog Fee Paid to Seller ................................................. $ N/A(C)
   D. (Optional) Theft Deterrent Device (to whom paid) N/A ................... $ N/A(D)
   E. (Optional) Theft Deterrent Device (to whom paid) N/A ................... $ N/A(E)
   F. (Optional) Theft Deterrent Device (to whom paid) N/A ................... $ N/A(F)
   G. (Optional) Surface Protection Product (to whom paid) N/A .............. $ N/A(G)
   H. (Optional) Surface Protection Product (to whom paid) N/A .............. $ N/A(H)
   I. Sales Tax (on taxable items in A through H) ........................... $ 14175.00(I)
   J. Optional DMV Electronic Filing Fee ..................................... $ N/A(J)
   K. (Optional) Service Contract (to whom paid) N/A ........................ $ N/A(K)
   L. (Optional) Service Contract (to whom paid) N/A ........................ $ N/A(L)
   M. (Optional) Service Contract (to whom paid) N/A ........................ $ N/A(M)
   N. (Optional) Service Contract (to whom paid) N/A ........................ $ N/A(N)
   O. (Optional) Service Contract (to whom paid) N/A ........................ $ N/A(O)
   P. Prior Credit or Lease Balance paid by Seller to
      N/A .................................................................. $ N/A(P)
      (see downpayment and trade-in calculation)
   Q. (Optional) Gap Contract (to whom paid) N/A ............................ $ N/A(Q)
   R. (Optional) Used Vehicle Contract Cancellation Option Agreement ....... $ N/A(R)

### STATEMENT OF INSURANCE

**NOTICE.** No person is required as a condition of financing the purchase of a motor vehicle to purchase or negotiate any insurance through a particular insurance company, agent or broker. You are not required to buy any other insurance to obtain credit. Your decision to buy or not buy other insurance will not be a factor in the credit approval process.

**Vehicle Insurance**

| | | Term | Premium |
|---|---|---|---|
| $ N/A Ded. Comp., Fire & Theft | N/A Mos. | $ N/A |
| $ N/A Ded. Collision | N/A Mos. | $ N/A |
| Bodily Injury $ N/A Limits | N/A Mos. | $ N/A |
| Property Damage $ N/A Limits | N/A Mos. | $ N/A |
| Medical N/A | N/A Mos. | $ N/A |
| N/A | N/A Mos. | $ N/A |
| Total Vehicle Insurance Premiums | | $ N/A (a) |

UNLESS A CHARGE IS INCLUDED IN THIS AGREEMENT FOR PUBLIC LIABILITY OR PROPERTY DAMAGE INSURANCE, PAYMENT FOR SUCH COVERAGE IS NOT PROVIDED BY THIS AGREEMENT.

You may buy the physical damage insurance this contract requires (see back) from anyone you choose who is acceptable to us. You are not required to buy any other insurance to obtain credit.

Buyer X _[signature]_
Co-Buyer X
Seller X LAMBORGHINI NEWPORT BEACH

If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

**Application for Optional Credit Insurance**

☐ Credit Life: ☐ Buyer ☐ Co-Buyer ☐ Both
☐ Credit Disability (Buyer Only)

| | Term | Exp. | Premium |
|---|---|---|---|
| Credit Life | N/A Mos. | N/A | $ N/A |
| Credit Disability | N/A Mos. | N/A | $ N/A |
| Total Credit Insurance Premiums | | | $ N/A (b) |

Insurance Company Name N/A

Home Office Address _____

Credit life insurance and credit disability insurance are not required to obtain credit. Your decision to buy or not buy credit life and credit disability insurance will not be a factor in the credit approval process. They will not be provided unless you sign and agree to pay the extra cost. Credit life insurance is based on your original payment schedule. This insurance may not pay all you owe on this contract if you make late payments. Credit disability insurance does not cover any increase in your payment or in the number of payments. Coverage for credit life insurance and credit disability insurance ends on the original due date for the last payment unless a different term for the insurance is shown above.

You are applying for the [insurance] above. Your signature be[low means] that: (1) You are not eligi[ble if you have] reached your 65th birth[day or]... disability insurance only i[f...]

**EXHIBIT A**

| | | |
|---|---|---|
| Total Official Fees (A through P) | $ N/A | (2) |
| 3. Amount Paid to Insurance Companies (Total premiums from Statement of Insurance column a + b) | $ N/A | (3) |
| 4. ☐ Smog Certification or ☐ Exemption Fee Paid to State | $ N/A | (4) |
| 5. Subtotal (1 through 4) | $ 242456.80 | (5) |
| 6. Total Downpayment | | |
| A. Agreed Trade-In Value Yr N/A Make N/A | $ N/A | (A) |
| Model N/A Odom N/A | | |
| VIN N/A | | |
| B. Less Prior Credit or Lease Balance | $ N/A | (B) |
| C. Net Trade-In (A less B) (indicate if a negative number) | $ N/A | (C) |
| D. Deferred Downpayment | $ N/A | (D) |
| E. Manufacturer's Rebate | $ N/A | (E) |
| F. Other N/A | $ N/A | (F) |
| G. Cash | $ 46000.00 | (G) |
| Total Downpayment (C through G) | $ 46000.00 | (6) |
| (If negative, enter zero on line 6 and enter the amount less than zero as a positive number on line 1P above) | | |
| 7. Amount Financed (5 less 6) | $ 196456.80 | (7) |

**SELLER ASSISTED LOAN**
BUYER MAY BE REQUIRED TO PLEDGE SECURITY FOR THE LOAN, AND WILL BE OBLIGATED FOR THE INSTALLMENT PAYMENTS ON BOTH THIS RETAIL INSTALLMENT SALE CONTRACT AND THE LOAN.

Proceeds of Loan From: N/A
Amount $ N/A    Finance Charge $ N/A
Total $ N/A    Payable in N/A
Installments of $ N/A    $ N/A
from this Loan is shown in item 6D.

**AUTO BROKER FEE DISCLOSURE**
If this contract reflects the retail sale of a new motor vehicle, the sale is not subject to a fee received by an autobroker from us unless the following box is checked:

☐ Name of autobroker receiving fee, if applicable:

**OPTIONAL GAP CONTRACT** A gap contract (debt cancellation contract) is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy a gap contract, the charge is shown in item 1Q of the Itemization of Amount Financed. See your gap contract for details on the terms and conditions it provides. It is a part of this contract.

Term N/A Mos. N/A
Name of Gap Contract

I want to buy a gap contract.

Buyer Signs X N/A

**OPTIONAL SERVICE CONTRACT(S)** You want to purchase the service contract(s) written with the following company(ies) for the term(s) shown below for the charge(s) shown in item 1K, 1L, 1M, 1N, and/or 1O.

1K Company N/A
Term N/A Mos. or N/A Miles
1L Company N/A
Term N/A Mos. or N/A Miles
1M Company N/A
Term N/A Mos. or N/A Miles
1N Company N/A
Term N/A Mos. or N/A Miles
1O Company N/A
Term N/A Mos. or N/A Miles
Buyer X N/A

**HOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us relating to this contract. Any change to the contract must be in writing and both you and we must sign it. No oral changes are binding.

Buyer Signs X _(signed)_
Co-Buyer Signs X

**SELLER'S RIGHT TO CANCEL** If Buyer and Co-Buyer sign here, the provisions of the Seller's Right to Cancel section on the back giving the Seller the right to cancel if Seller is unable to assign this contract to a financial institution will apply.

X _(signed)_    X
Buyer    Co-Buyer

**OPTION:** ☐ You pay no finance charge if the Amount Financed, item 7, is paid in full on or before _____, Year ____. SELLER'S INITIALS ____

THE MINIMUM PUBLIC LIABILITY INSURANCE LIMITS PROVIDED IN LAW MUST BE MET BY EVERY PERSON WHO PURCHASES A VEHICLE. IF YOU ARE UNSURE WHETHER OR NOT YOUR CURRENT INSURANCE POLICY WILL COVER YOUR NEWLY ACQUIRED VEHICLE IN THE EVENT OF AN ACCIDENT, YOU SHOULD CONTACT YOUR INSURANCE AGENT.
WARNING:
YOUR PRESENT POLICY MAY NOT COVER COLLISION DAMAGE OR MAY NOT PROVIDE FOR FULL REPLACEMENT COSTS FOR THE VEHICLE BEING PURCHASED. IF YOU DO NOT HAVE FULL COVERAGE, SUPPLEMENTAL COVERAGE FOR COLLISION DAMAGE MAY BE AVAILABLE TO YOU THROUGH YOUR INSURANCE AGENT OR THROUGH THE SELLING DEALER. HOWEVER, UNLESS OTHERWISE SPECIFIED, THE COVERAGE YOU OBTAIN THROUGH THE DEALER PROTECTS ONLY THE DEALER, USUALLY UP TO THE AMOUNT OF THE UNPAID BALANCE REMAINING AFTER THE VEHICLE HAS BEEN REPOSSESSED AND SOLD.
FOR ADVICE ON FULL COVERAGE THAT WILL PROTECT YOU IN THE EVENT OF LOSS OR DAMAGE TO YOUR VEHICLE, YOU SHOULD CONTACT YOUR INSURANCE AGENT.
THE BUYER SHALL SIGN TO ACKNOWLEDGE THAT HE/SHE UNDERSTANDS THESE PUBLIC LIABILITY TERMS AND CONDITIONS.

S/S X _(signed)_    X

Payoff Agreement: Seller relied on information from you and/or the lienholder or lessor of your trade-in vehicle to arrive at the payoff amount shown in item 6B of the Itemization of Amount Financed as the "Prior Credit or Lease Balance." Seller agrees to pay the payoff amount shown in 6B to the lienholder or lessor of the trade-in vehicle, or its designee. If the actual payoff amount is more than the amount shown in 6B, you must pay the Seller the excess on demand. If the actual payoff amount is less than the amount shown in 6B, Seller will refund the difference to you. Except as stated in the "NOTICE" on the back of this contract, any assignee of this contract will not be obligated to pay the Prior Credit or Lease Balance shown in 6B or any refund due from the Seller.

Buyer Signature X N/A    Co-Buyer Signature X

**Notice to buyer:** (1) Do not sign this agreement before you read it or if it contains any blank spaces to be filled in. (2) You are entitled to a completely filled in copy of this agreement. (3) You can prepay the full amount due under this agreement at any time. (4) If you default in the performance of your obligations under this agreement, the vehicle may be repossessed and you may be subject to suit and liability for the unpaid indebtedness evidenced by this agreement.

If you have a complaint concerning this sale, you should try to resolve it with the seller.
Complaints concerning unfair or deceptive practices or methods by the seller may be referred to the city attorney, the district attorney, or an investigator for the Department of Motor Vehicles, or any combination thereof.
After this contract is signed, the seller may not change the financing or payment terms unless you agree in writing to the change. You do not have to agree to any change, and it is an unfair or deceptive practice for the seller to make a unilateral change.

Buyer Signature X _(signed)_    Co-Buyer Signature X

**The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.**

**THERE IS NO COOLING-OFF PERIOD UNLESS YOU OBTAIN A CONTRACT CANCELLATION OPTION**
California law does not provide for a "cooling-off" or other cancellation period for vehicle sales. Therefore, you cannot later cancel this contract simply because you change your mind, decide the vehicle costs too much, or wish you had acquired a different vehicle. After you sign below, you may only cancel this contract with the agreement of the seller or for legal cause, such as fraud. However, California law does require a seller to offer a 2-day contract cancellation option on used vehicles with a purchase price of less than $40,000, subject to certain statutory conditions. This contract cancellation option requirement does not apply to the sale of a recreational vehicle, a motorcycle, or an off-highway motor vehicle subject to identification under California law. See the vehicle contract cancellation option agreement for details.

**YOU AGREE TO THE TERMS OF THIS CONTRACT. YOU CONFIRM THAT BEFORE YOU SIGNED THIS CONTRACT, WE GAVE IT TO YOU, AND YOU WERE FREE TO TAKE IT AND REVIEW IT. YOU CONFIRM THAT YOU RECEIVED A COMPLETELY FILLED-IN COPY WHEN YOU SIGNED IT.**

Date ____ Co-Buyer Signature ____ Age ____

**OTHER IMPORTANT AGREEMENTS**

1. **FINANCE CHARGE AND PAYMENTS**
   a. **How we will figure Finance Charge.** We will figure the Finance Charge on a daily basis at the Annual Percentage Rate on the unpaid part of the Amount Financed. Creditor - Seller may receive part of the Finance Charge.
   b. **How we will apply payments.** We may apply each payment to the earned and unpaid part of the Finance Charge, to the unpaid part of the Amount Financed and to other amounts you owe under this contract in any order we choose.
   c. **How late payments or early payments change what you must pay.** We based the Finance Charge, Total of Payments, and Total Sale Price shown on the front on the assumption that you will make every payment on the day it is due. Your Finance Charge, Total of Payments, and Total Sale Price will be more if you pay late and less if you pay early. Changes may take the form of a larger or smaller final payment or, at our option, more or fewer payments of the same amount as your scheduled payment with a smaller final payment. We will send you a notice telling you about these changes before the final scheduled payment is due.
   d. **You may prepay.** You may prepay all or part of the unpaid part of the Amount Financed at any time. If you do so, you must pay the earned and unpaid part of the Finance Charge and all other amounts due up to the date of your payment. As of the date of your payment, if the minimum finance charge is greater than the earned Finance Charge, you may be charged the difference; the minimum finance charge is as follows: (1) $25 if the original Amount Financed does not exceed $1,000, (2) $50 if the original Amount Financed is more than $1,000 but not more than $2,000, or (3) $75 if the original Amount Financed is more than $2,000.

2. **YOUR OTHER PROMISES TO US**
   a. **If the vehicle is damaged, destroyed, or missing.** You agree to pay us all you owe under this contract even if the vehicle is damaged, destroyed, or missing.

   > **GAP LIABILITY NOTICE**
   > In the event of theft or damage to your vehicle that results in a total loss, there may be a gap between the amount you owe under this contract and the proceeds of your insurance settlement and deductible. THIS CONTRACT PROVIDES THAT YOU ARE LIABLE FOR THE GAP AMOUNT. An optional gap contract (debt cancellation contract) for coverage of the gap amount may be offered for an additional charge.

   b. **Using the vehicle.** You agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the vehicle or this contract without our written permission. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask for it.
   c. **Security Interest.**
   You give us a security interest in:
   - The vehicle and all parts or goods installed on it;
   - All money or goods received (proceeds) for the vehicle;
   - All insurance, maintenance, service, or other contracts we finance for you; and
   - All proceeds from insurance, maintenance, service, or other contracts we finance for you. This

   f. **We will sell the vehicle if you do not get it back.** If you do not redeem, we will sell the vehicle. We will send you written notice of sale before selling the vehicle.
   We will apply the money from the sale, less allowed expenses, to the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it. Attorney fees and court costs the law permits are also allowed expenses. If any money is left (surplus), we will pay it to you unless the law requires us to pay it to someone else. If money from the sale is not enough to pay the amount you owe, you must pay the rest to us. If you do not pay this amount when we ask, we may charge you interest at the Annual Percentage Rate shown on the face of this contract, not to exceed the highest rate permitted by law, until you pay.
   g. **What we may do about optional insurance, maintenance, service, or other contracts.** This contract may contain charges for optional insurance, maintenance, service, or other contracts. If we demand that you pay all you owe at once or we repossess the vehicle, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle. If the vehicle is a total loss because it is confiscated, damaged, or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

4. **WARRANTIES SELLER DISCLAIMS**
   **If you do not get a written warranty, and the Seller does not enter into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.**
   This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide. If the Seller has sold you a certified used vehicle, the warranty of merchantability is not disclaimed.

5. **Used Car Buyers Guide. The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.**
   **Spanish Translation: Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.**

6. **Applicable Law**
   Federal law and California law apply to this contract. If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.

7. **Warranties of Buyer.** You promise you have given true and correct information in your application for credit, and you have no knowledge that will make that information untrue in the future. We have relied on the truth and accuracy of that information in entering into this contract. Upon request, you will provide us with documents and other information necessary to verify any item contained in your credit application.

You waive the provisions of Calif. Vehicle Code Section 1808.21 and authorize the California D...

either buy insurance that covers your interest and our interest in the vehicle, or buy insurance that covers only our interest. If we buy either type of insurance, we will tell you which type and the charge you must pay. The charge will be the premium for the insurance and a finance charge equal to the Annual Percentage Rate shown on the front of this contract or, at our option, the highest rate the law permits. If the vehicle is lost or damaged, you agree that we may use any insurance settlement to reduce what you owe or repair the vehicle.

e. **What happens to returned insurance, maintenance, service, or other contract charges.** If we get a refund of insurance, maintenance, service, or other contract charges, you agree that we may subtract the refund from what you owe.

3. **IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES**
   a. **You may owe late charges.** You will pay a late charge on each late payment as shown on the front. Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments. If you pay late, we may also take the steps described below.
   b. **You may have to pay all you owe at once.** If you break your promises (default), we may demand that you pay all you owe on this contract at once, subject to any right the law gives you to reinstate this contract. Default means:
      - You do not pay any payment on time;
      - You give false, incomplete, or misleading information on a credit application;
      - You start a proceeding in bankruptcy or one is started against you or your property;
      - The vehicle is lost, damaged or destroyed; or
      - You break any agreements in this contract.
      
      The amount you will owe will be the unpaid part of the Amount Financed plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.
   c. **You may have to pay collection costs.** You will pay our reasonable costs to collect what you owe, including attorney fees, court costs, collection agency fees, and fees paid for other reasonable collection efforts. You agree to pay a charge not to exceed $15 if any check you give to us is dishonored.
   d. **We may take the vehicle from you.** If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it. If your vehicle has an electronic tracking device, you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you at your expense. If you do not ask for these items back, we may dispose of them as the law allows.
   e. **How you can get the vehicle back if we take it.** If we repossess the vehicle, you may pay to get it back (redeem). You may redeem the vehicle by paying all you owe, or you may have the right to reinstate this contract and redeem the vehicle by paying past due payments and any late charges, providing proof of insurance, and/or taking other action to cure the default. We will provide you all notices required by law to tell you when and how much to pay and/or what action you must take to redeem the vehicle.

If your disability insurance covers all of your missed payment(s), WE CANNOT TRY TO COLLECT WHAT YOU OWE OR FORECLOSE UPON OR REPOSSESS ANY COLLATERAL UNTIL THREE CALENDAR MONTHS AFTER your first missed payment is due or until the insurance company pays or rejects your claim, whichever comes first. We can, however, try to collect, foreclose, or repossess if you have any money due and owing us or are otherwise in default when your disability claim is made or if a senior mortgage or lien holder is foreclosing.

If the insurance company pays the claim within the three calendar months, we must accept the money as though you paid on time. If the insurance company rejects the claim within the three calendar months or accepts the claim within the three calendar months on a partial disability and pays less than for a total disability, you will have 35 days from the date that the rejection or the acceptance of the partial disability claim is sent to pay past due payments, or the difference between the past due payments and what the insurance company pays for the partial disability, plus late charges. You can contact us, and we will tell you how much you owe. After that time, we can take action to collect or foreclose or repossess any collateral you may have given.

If the insurance company accepts your claim but requires that you send in additional forms to remain eligible for continued payments, you should send in these completed additional forms no later than required. If you do not send in these forms on time, the insurance company may stop paying, and we will then be able to take action to collect or foreclose or repossess any collateral you may have given.

| **Seller's Right to Cancel** |
|---|
| a. Seller agrees to deliver the vehicle to you on the date this contract is signed by Seller and you. You understand that it may take a few days for Seller to verify your credit and assign the contract. You agree that if Seller is unable to assign the contract to any one of the financial institutions with whom Seller regularly does business under an assignment acceptable to Seller, Seller may cancel the contract. |
| b. Seller shall give you written notice (or in any other manner in which actual notice is given to you) within 10 days of the date this contract is signed if Seller elects to cancel. Upon receipt of such notice, you must immediately return the vehicle to Seller in the same condition as when sold, reasonable wear and tear excepted. Seller must give back to you all consideration received by Seller, including any trade-in vehicle. |
| c. If you do not immediately return the vehicle, you shall be liable for all expenses incurred by Seller in taking the vehicle from you, including reasonable attorney's fees. |
| d. While the vehicle is in your possession, all terms of the contract, including those relating to use of the vehicle and insurance for the vehicle, shall be in full force and you shall assume all risk of loss or damage to the vehicle. You must pay all reasonable costs for repair of any damage to the vehicle until the vehicle is returned to Seller. |

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER**

Upon sale of the vehicle, the purchaser must apply for a new title within 30 days unless the vehicle is purchased by a dealer. Until a new title is issued, the vehicle record will continue to reflect the owner's name listed on the current title. SEE BACK OF TAB FOR ADDITIONAL INFORMATION.

WOODSIDE CREDIT LLC
PO BOX 12379
NEWPORT BEACH, CA 92658-5061

6/18/12
141815
BHB

▼ DETACH HERE ▼

## TEXAS CERTIFICATE OF TITLE

TEXAS DEPARTMENT OF MOTOR VEHICLES

10604-3655

| VEHICLE IDENTIFICATION NUMBER | YEAR MODEL | MAKE OF VEHICLE | BODY STYLE |
|---|---|---|---|
| WDDAJ76F26M000983 | 2006 | MERZ | 2T |

TITLE/DOCUMENT NUMBER: 10140141058140511  DATE TITLE ISSUED: 06/12/2012

| MODEL | MFG. CAPACITY IN TONS | WEIGHT | LICENSE NUMBER |
|---|---|---|---|
| SLR | | 3600 | DT9N563 |

PREVIOUS OWNER: LAMBORGHINI NEWPORT BEAC COSTA MESA CA

ODOMETER READING: 1106

OWNER:
DEREK TYRONE TILLMAN
5405 PINE ST
BELLAIRE, TX 77401

REMARK(S): ACTUAL MILEAGE

X_____
SIGNATURE OF OWNER OR AGENT MUST BE IN BOX

UNLESS OTHERWISE AUTHORIZED BY LAW, IT IS A VIOLATION OF STATE LAW TO SHOW THE NAME OF ANOTHER PERSON ON A CERTIFICATE OF TITLE OR OTHERWISE GIVE FALSE INFORMATION ON A CERTIFICATE OF TITLE.

DATE OF LIEN: 02/06/2012
1ST LIENHOLDER: WOODSIDE CREDIT LLC
P O BOX 12379
NEWPORT BEACH, CA 92658

1ST LIEN RELEASED ___ DATE ___
BY ___
AUTHORIZED AGENT

DATE OF LIEN: ___  2ND LIENHOLDER: ___
2ND LIEN RELEASED ___ DATE ___
BY ___
AUTHORIZED AGENT

DATE OF LIEN: ___  3RD LIENHOLDER: ___
3RD LIEN RELEASED ___ DATE ___
BY ___
AUTHORIZED AGENT

IT IS HEREBY CERTIFIED THAT THE PERSON HEREIN NAMED IS THE OWNER OF THE VEHICLE DESCRIBED ABOVE WHICH IS SUBJECT TO THE ABOVE LIENS.

RIGHTS OF SURVIVORSHIP AGREEMENT
WE, THE MARRIED PERSONS WHOSE SIGNATURES APPEAR HEREIN, HEREBY AGREE THAT THE OWNERSHIP OF THE VEHICLE DESCRIBED ON THIS CERTIFICATE OF TITLE SHALL FROM THIS DAY FORWARD BE HELD JOINTLY, AND IN THE EVENT OF DEATH OF ANY OF THE PERSONS NAMED IN THE AGREEMENT, THE OWNERSHIP OF THE VEHICLE SHALL VEST IN THE SURVIVOR(S).

SIGNATURE ___ DATE ___
SIGNATURE ___
SIGNATURE ___

FORM 30-C REV. 04/2012    DO NOT ACCEPT TITLE SHOWING ERASURE, ALTERATION OR MUTILATION

EXHIBIT B

Whenever you sell or trade in a vehicle, be sure to **protect** yourself by filing the **Vehicle Transfer Notification online** at www.TxDMV.gov. The notification removes your responsibility for anything the buyer might do with the vehicle. It's free!

**You ONLY have 30 days to submit the Vehicle Transfer Notification from the date you sell or trade in the vehicle to remove your liability.**

Always remember to "Protect your title, Texas." For more information, go to www.TxDMV.gov and click on the "Protect your title" topic.

---

**WHEN VEHICLE IS SOLD, TITLE HOLDER MUST ASSIGN AND FURNISH THIS TITLE, CURRENT LICENSE RECEIPT, AND SIGNED APPLICATION FOR TITLE (FORM 130-U) INDICATING DATE OF SALE AND SALES PRICE TO THE PURCHASER WHO MUST FILE APPLICATION WITH COUNTY TAX ASSESSOR-COLLECTOR WITHIN 30 DAYS TO AVOID PENALTY.**

**FEDERAL AND STATE LAW REQUIRES THAT YOU STATE THE MILEAGE IN CONNECTION WITH THE TRANSFER OF OWNERSHIP. FAILURE TO COMPLETE OR PROVIDING A FALSE STATEMENT MAY RESULT IN FINES AND/OR IMPRISONMENT.**

**ASSIGNMENT OF TITLE**

The undersigned hereby certifies that the vehicle described in this title is free and clear of all liens, except as noted herein, and has been transferred to the following printed name and address:

Name of Purchaser | Street | City | State | Zip

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:
☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage. WARNING - ODOMETER DISCREPANCY

ODOMETER READING (No Tenths)

Date of Sale

Signature of Seller/Agent _____ Printed Name (same as signature)
I am aware of the above odometer certification made by the seller/agent.

Signature of Buyer/Agent _____ Printed Name (same as signature)

**FIRST REASSIGNMENT - DEALER ONLY**

The undersigned hereby certifies that the vehicle described in this title is free and clear of all liens, except as noted herein, and has been transferred to the following printed name and address:

Name of Purchaser | Street | City | State | Zip

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:
☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage. WARNING - ODOMETER DISCREPANCY

ODOMETER READING (No Tenths)

Date of Sale | Dealer No.

Dealer's Name

Agent's Signature _____ Printed Name (same as signature)
I am aware of the above odometer certification made by the seller/agent.

Signature of Buyer/Agent _____ Printed Name (same as signature)

**SECOND REASSIGNMENT - DEALER ONLY**

The undersigned hereby certifies that the vehicle described in this title is free and clear of all liens, except as noted herein, and has been transferred to the following printed name and address:

Name of Purchaser | Street | City | State | Zip

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:
☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage. WARNING - ODOMETER DISCREPANCY

ODOMETER READING (No Tenths)

Date of Sale | Dealer No.

Dealer's Name

Agent's Signature _____ Printed Name (same as signature)
I am aware of the above odometer certification made by the seller/agent.

Signature of Buyer/Agent _____ Printed Name (same as signature)

**THIRD REASSIGNMENT - DEALER ONLY**

The undersigned hereby certifies that the vehicle described in this title is free and clear of all liens, except as noted herein, and has been transferred to the following printed name and address:

Name of Purchaser | Street | City | State | Zip

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:
☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage. WARNING - ODOMETER DISCREPANCY

ODOMETER READING (No Tenths)

Date of Sale | Dealer No.

Dealer's Name

Agent's Signature _____ Printed Name (same as signature)
I am aware of the above odometer certification made by the seller/agent.

Signature of Buyer/Agent _____ Printed Name (same as signature)

**LIEN**

LIENHOLDER TO BE RECORDED AND SHOWN ON NEW TITLE.
1ST LIEN IN FAVOR OF (NAME & ADDRESS)