

IN THE UNITED STATES DISTRICT COURT
OF THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| WOODSIDE CREDIT, L.L.C. AS ATTORNEY-IN-FACT FOR BLUE HILLS BANK | § § § § | |
| *Plaintiff*, | § § | |
| VS. | § § | Civil Action No. 4:17-cv-00893-A |
| CHUBB NATIONAL INSURANCE COMPANY | § § § | |
| *Defendant.* | § § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff, Woodside Credit, LLC ("Woodside"), files its First Amended Complaint (the "Complaint") against Defendant, Chubb National Insurance Agency ("Chubb National") and would respectfully show the Court the following:

## I.  PARTIES

1.      Defendant, Chubb National Insurance Company ("Chubb National"), is a foreign corporation who may be served with process by serving its registered agent for service of process, CT Corporation System at 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136. However, Chubb National Insurance Agency's counsel has agreed to accept service via s-service/e-mail.

2.      In its initial state court pleading, Plaintiff inadvertently named Chubb Insurance Solutions Agency, Inc. as the Defendant. After searching the Texas Secretary of State website and conducting several searches in an attempt to find the correct Chubb Insurance company, Plaintiff believed Chubb Insurance Solutions Agency, Inc. was the correct party. Through conversations with opposing counsel, Plaintiff learned that the insurer involved in the claim at issue was actually

Chubb National Insurance Agency. As a result, Plaintiff files this amended complaint seeking to name the correct party in the suit.

3.    On October 30, 2017, Chubb Solutions' counsel agreed to accept service for Chubb National Insurance Company. However, four days later, Chubb Solutions filed its notice of removal prior to Woodside filing its amended state court complaint naming the correct party.

## II. JURISDICTION AND VENUE

4.    This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000.00.

5.    This Court has venue pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Woodside's claims occurred in this district and because this Court is the United States District Court for the district and division corresponding to the place for which this action was removed from the state court.

## III. FACTS

6.    On or about February 6, 2012, Derek Tyrone Tillman ("Tillman") entered into a Retail Installment Sales Contract and Security Agreement ("Agreement") with Lamborghini Newport Beach for the purchase of a used 2006 SLR Mercedes, VIN # WDDAJ76F26M000983 (the "Vehicle") pursuant to the terms specified therein. To secure Tillman's payment under the Agreement, Tillman granted Lamborghini Newport Beach a security interest in the Vehicle along with all accessions, attachments, accessories, and equipment placed in or on the Vehicle pursuant to paragraph 2(c) of the Agreement.[1]

7.    Concurrent with the execution of the Agreement, Lamborghini Newport Beach assigned all its rights, title, and interest in the Agreement to Woodside on February 6, 2012 (the "Assignment"). Woodside duly perfected its security interest in the Vehicle by noting its first lien position on the Vehicle's

---

[1] *See* Exhibit A, App. 3-6, a true and correct copy of the Agreement.

Certificate of Title with the Texas DMV.[2]

8.      Subsequent to the Assignment, Woodside sold the Agreement, along with several other loans, to Hyde Park Bank, now known as Blue Hills Bank ("Blue Hills Bank"), as part of a Master Loan Purchase and Sale Agreement executed by Blue Hills Bank and Woodside on October 21, 2011 (the "Master Loan Purchase Agreement").[3] As part of the Master Loan Purchase Agreement, Blue Hills Bank and Woodside agreed to share losses resulting from any loan purchased by Blue Hills Bank, including the Agreement. Further, pursuant to the terms of the Agreement, Woodside agreed to service any loans purchased by Blue Hills Bank pursuant to the Master Loan Purchase Agreement.

9.      Blue Hills Bank subsequently executed a Power of Attorney that retroactively gave Woodside authority to make an insurance claim on the Vehicle, protect and enforce Blue Hills Bank's and Woodside's rights and remedies under the Agreement, and prosecute the present case.[4] The Power of Attorney created an agency relationship in which Woodside stepped into the shoes of Blue Hills Bank in order to protect Blue Hills Bank's rights under the Policy.

10.     Woodside submitted a claim (the "Claim") against the insurance policy Tillman had with Chubb National bearing effective dates of June 2014 through June 2015 (the "Policy").[5] Woodside's Claim was made as a result of Woodside learning that the Vehicle was reported stolen with  an approximate date of loss of March 1, 2015, as expressly acknowledged by Defendant's counsel and by Chubb National itself. On May 1, 2017, Chubb National acknowledged receipt of this claim with a loss date of March 1, 2015, assigned it claim number 040517021734, and stated the claim was being investigated. To date, Chubb National has failed to accept or reject the claim. Woodside's previous

---

[2] *See* Exhibit B, App. pg. 7-8, a true and correct copy of the Certificate of Title.
[3] *See* Exhibit C, App. pg. 9-23, true and correct copy of the Master Loan Purchase Agreement.
[4] *See* Exhibit D, App. pg. 24-25, a true and correct copy of the Power of Attorney.
[5] To promote efficiency, Woodside has attached only the pages referenced in its Amended Complaint as Exhibit E. The full policy provisions are attached to Document 6-1 through 6-2 filed by Chubb Insurance Solutions Agency, Inc.

pleading inadvertently pled the date of loss as March 1, 2017, which was the result of a typographical error.

11.     Under the terms of the Policy, for each subsequent renewal of the Policy, Tillman as the insured was only provided with terms that changed from the previous year under the Policy and, therefore, any documents that were not updated remained unchanged from the previous year's policy terms. In other words, when a policy is renewed with Chubb National, Chubb National only provides the policy provisions to the insured if the provisions change and, if not provided, the previous year's policy provisions still apply. Therefore, the *Auto Preference Vehicle Physical Damage Coverage* provision in place for Tillman's June 2013 through June 2014 policy was still in place and unchanged under the Policy at issue in the present case.[6]

12.     Pursuant to the terms of the Policy, a vehicle is considered stolen when "the entire vehicle is stolen and not recovered within 30 days."[7] Pursuant to the Policy, if a stolen vehicle is recovered, Chubb National may return it and pay for any damage resulting from the theft. Therefore, Chubb National owes Woodside, as attorney-in-fact of Blue Hills Bank, either the greater of the agreed value under the policy or the fair market value of the Vehicle or the damages resulting from the Vehicle's theft.

13.     Further, under the Policy, a loss payee named in the policy will have any loss "paid to the loss payee and you [the insured], as interests appear."[8] *See* page 69 of Exhibit E. Further, Chubb National's Policy expressly states that they "cover the interest of the loss payee" unless the loss is the result of the insured's wrongful conduct as defined in the Policy.[9] Blue Hills Bank is noted as the loss payee under the Policy for the Vehicle.[10]

---

[6] *See* Exhibit E, App. pg. 26.
[7] *See* Exhibit E, App. pg. 31.
[8] *See* Exhibit E, App. pg. 27.
[9] *Id.*
[10] *See* Exhibit E, App. pg. 28.

14.    As part of Woodside servicing the Agreement, it discovered that Tillman was not making timely payments and began efforts to recover the Vehicle. During its efforts to recover the Vehicle pursuant to its duties and rights under the Master Loan Agreement with Blue Hills Bank, Woodside discovered that the Vehicle had been reported stolen.

## IV. CAUSES OF ACTION

### COUNT I – INSURANCE CLAIM: BAD FAITH

15.    Woodside incorporates herein all prior and subsequent allegations in this pleading.

16.    Chubb National had a contract for insurance on the Vehicle for which Woodside filed a claim against the Policy held by Tillman. Chubb National has, to date, refused to pay the Claim despite it being on file since April 2017. If Chubb National does pay the claim, any payment would be unreasonably delayed and in bad faith. Chubb National's bad faith proximately caused damages to Woodside, including actual damages within the jurisdictional limits of the Court and exemplary damages because Chubb National's conduct was fraudulent, intentional, or grossly negligent.

### COUNT II – INSURANCE CLAIM: TEXAS INSURANCE CODE § 542.051 ET. SEQ.

17.    Woodside incorporates herein all prior and subsequent allegations in this pleading.

18.    Woodside filed a claim for loss by theft of the Vehicle under the terms of the Policy for which Chubb National is liable. Woodside gave proper notice of the claim prior to May 1, 2017. Chubb did not notify Woodside of any further information it needed from Woodside to process the Claim. Pursuant to Texas Insurance Code § 542.056(a), Chubb National failed to notify Woodside in writing within 15 business days whether Chubb National was accepting or rejecting the claim, despite making no request for further information until much later. Further, pursuant to Texas Insurance Code § 542.056(d), Chubb National failed to notify Woodside in writing within

the same time period of any reason Chubb National could not accept or reject the claim. Additionally, Chubb National failed to accept or reject the claim within 45 days as required by Texas Insurance Code § 542.056(d) without giving proper notice to Woodside in order to extend the deadline to accept or reject the claim beyond the 15-business day deadline in § 542.056(a). Finally, Chubb National failed to timely pay Woodside's claim.

19.    Because of Chubb National's numerous failures, Woodside has been damaged and is entitled to statutory damages as allowed by Texas Insurance Code § 542.060, including the amount of the claim in the sum of approximately $173,000.00, interest at 18% per annum, and reasonable attorney's fees.

### COUNT III – INSURANCE CLAIM: BREACH OF INSURANCE CODE CHAPTER 541

20.    Woodside incorporates herein all prior and subsequent allegations in this pleading.

21.    Woodside's claim against Chubb National is based upon Chubb National's violation of Section 541 of the Texas Insurance Code. Woodside, as attorney-in-fact for Blue Hills Bank, made a claim as loss payee, as Blue Hills Bank is the loss payee under the Policy, under the Policy issued by Chubb National to Tillman covering the Vehicle. A claimant is entitled to recovery when an insurer fails to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim. Chubb National violated Insurance Code Chapter 541 by failing to, in good faith, attempt to bring a prompt, fair, and equitable settlement of the Claim when liability became reasonably clear. Liability was reasonably clear because the Vehicle was not recovered within thirty (30) days of the date of loss and, further, Chubb did not even request further information until many weeks after the Claim was filed. Additionally, Chubb National failed to affirm or deny coverage within a reasonable time and failed to timely submit a reservation of rights. Due to Chubb National's actions, Woodside has suffered damages within the jurisdictional limits of this Court,

including actual damages, economic injury in the form of the Policy proceeds, additional damages up to three times the amount of actual damages due to Chubb National's knowing conduct, pre- and post-judgment interest, court costs, and attorney's fees.

## COUNT IV – BREACH OF CONTRACT

22.    Woodside incorporates herein all prior and subsequent allegations in this pleading.

23.    Tillman and Chubb National had a valid, enforceable contract for insurance upon which, in exchange for monthly premiums by Tillman, Chubb National agreed to cover Tillman for any covered loss that occurred to the Vehicle. Blue Hills Bank was a loss payee under the Policy and gave Woodside authority via the Power of Attorney to make an insurance claim on the Vehicle on Blue Hills Bank's behalf. Woodside made the claim under the Policy on or around April 2017 for a loss date of March 1, 2015 (though it initially pled March 1, 2017 due to a typographical error). To date, Chubb National has failed to accept or deny liability on the claim and has caused actual and special damages to Woodside and Blue Hills Bank.

## COUNT V – ATTORNEY'S FEES

24.    Plaintiff incorporates herein all prior and subsequent allegations in this pleading.

25.    Upon Chubb National's failure to pay the balance owing under the Claim made pursuant to the Policy despite demand for payment, Plaintiff placed this matter in the hands of the undersigned attorneys for enforcement, and has agreed to pay said attorney reasonable attorney's fees for his services for which Defendant has become liable by the terms of Agreement and under Article 38.001 *et seq.* of the Texas Civil Practice and Remedies Code. Further, Chubb National is liable for attorney's fees for violations of Texas Insurance Code §542.051 *et seq.*

## V. <u>CONCLUSION AND REQUEST FOR RELIEF</u>

For the reasons stated above, Woodside respectfully requests that Chubb National be cited

to appear and answer herein; that upon final hearing hereof, Woodside take judgment against

Chubb National for actual and special damages, plus costs of court, pre- and post-judgment interest

at the legal rate, and reasonable and necessary attorney's fees together with such other and further

relief to which Woodside shows itself entitled, whether at law or in equity.

**Respectfully Submitted,**

PADFIELD & STOUT, L.L.P.
421 W. Third Street, Suite 910
Fort Worth, Texas 76102
(817) 338-1616 phone
(817) 338-1610 fax
abp@padfieldstout.com
mfronda@padfieldstout.com

Alan B. Padfield
State Bar I.D. #00784712
Matthew B. Fronda
State Bar I.D. #24086264
*Attorneys for Plaintiff*

## Certificate of Service

The undersigned hereby certifies that a true and correct copy of the foregoing was served in compliance with the Federal Rules of Civil Procedure and Local Rules of this Court on all parties of record by and through their counsel of record as indicated below on December 19, 2017.

> Alicia G. Curran (Lead Attorney)
> State Bar No. 12587500
> William H. Craven
> State Bar No. 24082870
> COZEN O'CONNOR
> 1717 Main Street, Suite 3400
> Dallas, Texas 75201
> Telephone: (214) 462-3000
> Facsimile: (214) 462-3299
> acurran@cozen.com
> wcraven@cozen.com

Alan B. Padfield